UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIAN MARK KELLY                    CIVIL ACTION

VERSUS                               NO: 05-6871

BAYOU FLEET, INC., ET AL.            SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Set Aside Dismissal and Enter Summary Judgment Enforcing Settlement (Rec. Doc. 55).  For the reasons explained below, Plaintiff's Motion is **GRANTED.**

**BACKGROUND**

This dispute arises out of a Jones Act claim filed in this Court in 2005.  The parties entered settlement negotiations and reached a settlement agreement on June 28, 2007.  On July 11, 2007, this court entered an order dismissing the case but retaining jurisdiction for sixty days in order to enforce the settlement agreement. (Rec. Doc. 54)

Defendants have claimed that they only agreed to pay "reasonable and necessary" medical costs, while plaintiff claims that no such limitation is in the settlement agreement.

Plaintiff moved this Court to summarily enforce the settlement agreement forcing the defendant to pay all medical expenses.

It is undisputed that on June 20, 2007 the parties attended a seven-hour mediation which ended without a firm settlement. However, settlement discussions continued, and the parties agree that an unconditional settlement agreement was reached between the parties on June 28, 2007.  The parties appear to agree that there was an oral agreement reached on June 28.  However, the parties did reduce their agreement to writing, in the form of emails and faxes.

It appears from the briefs that following a phone conversation on June 28 in which the parties agreed to settle, plaintiff's counsel sent an email at 11:28 a.m. to defense counsel.  This email reduced the agreement to four points.

"1. TWO HUNDRED NINETY FIVE TOUSAND (sic) ($295,000.00) DOLLARS , PLUS

2.  The payment of all medical expenses incurred by or on behalf of Mr. Kelly;

3.  Expedite the settlement check request, so that it is received by us in about 2 weeks;

4.  Dismissal of all claims upon receipt of the above"

At 11:46 a.m. defense counsel sent by fax a letter to plaintiff counsel confirming the settlement reached by phone.

Defense counsel confirmed the payment of $295,000 and agreed that defendant would pay for medical expenses which are "reasonable and necessary."  Plaintiff's counsel did not respond to the fax.

At 12:17 p.m., defense counsel responded to plaintiff's 11:28 a.m. email.  His return email stated: "Received your message below.  All is fine except that we did not agree to payment within 14 days.  We will move as quickly as practically possible, however."

## DISCUSSION

This Court dismissed this action on July 11, 2007 by issuing its standard "Sixty Day Order" which gives the parties the "right upon good cause shown, within sixty days, to seek summary judgment enforcing the compromise if it is not consummated by that time." (Rec. Doc. 54).  It is undisputed that plaintiff timely moved this Court to summarily enforce the compromise settlement.  The substantive claims in this case are based on Kelly's Jones Act claim against Bayou Fleet.  As such, the claims are maritime in nature, and federal maritime law applies when determining the validity and substance of an agreement to settle them. *Borne v. A & P Boat Rentals No. 4*, 780 F.2d 1254, 1256 (5th Cir. 1986); *Chilsan Merch. Marine Co. v. M/V K Fortune*, 110 F. Supp. 2d 492, 496 (E.D. La. 2000)(Barbier, J.); *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1354  (S.D. Fla.

2007).

Plaintiff makes much of an argument that the Court must uphold the contract because to do otherwise would unfairly prejudice the plaintiff.  The plaintiff points out that seamen are wards of admiralty whose interests must be jealously guarded by the courts.  Plaintiff cites *Borne v. A & P Boat Rentals No. 4*, 780 F.2d 1254, 1256-57 (5th Cir. 1986) in support of his position.  *Borne* is inapposite to the case at bar.  In *Borne* the question faced by the Fifth Circuit included whether the settlement agreement was fair to the seaman.  The case did not concern a determination of the meaning of the settlement agreement. Plaintiff is not asking the Court to invalidate the settlement agreement that he already has.  The plaintiff is merely asking the Court to agree with Plaintiff's interpretation of that contract.  The Fifth Circuit implicitly approved of this distinction in *Noble Drilling v. Davis*, 64 F.3d 191, 195 (5th Cir. 1996).  In that case, the court reiterated that when a seaman is acting upon independent, disinterested advice, and when the advice is based on a reasonable investigation and there is no question of capacity to contract, the Court would not set aside a settlement agreement.  *Id*. (*citing Borne*, 780 F.2d at 1258).  The court held that the seaman must be given a right to argue for his positions, and ordered that an evidentiary hearing be held.  It

4

was in that way that the Court applied *Borne*.  In this case, the Plaintiff is the one bringing the motion, and has presented all of its information.  There is no reason to have to jealously guard his interests in this case.  Therefore the question before the Court becomes one of contract interpretation.

When presented with a settlement agreement and asked to enforce it, a court must first determine if a binding agreement was reached and, if so, what the agreement provides.  *E.N. Bisso & Son, Inc. v. World Marine Transp. & Salvage*, No. 94-690, 1996 WL 28520 (E.D. La. Jan. 23, 1996)(Sear, C.J.)(*citing Lee v. Hunt*, 483 F. Supp. 826, 834 (W.D. La. 1979)).  The Fifth Circuit regards a settlement agreement as a contract and courts are instructed to enforce them as they would a contract.  *See Guidry v. Halliburton Geophysical Servs.*, 976 F.2d 938, 940 (5th Cir. 1992).

Therefore the first question that must resolved is whether a binding agreement was reached.  In order for a compromise agreement to exist between the parties, there must have been proper acceptance of an offer. *Bisso*, 94-690, 1996 WL 28520 at *3.  It is undisputed that the parties did reach an oral agreement sometime before 11:26 a.m. on June 28, 2007.  Under maritime law, an oral agreement to settle a case or controversy is binding and is commonplace in the industry. *Kossick v. United*

5

*Fruit Co.*, 365 U.S. 731, 734 (1961); *Chilsan*, 110 F. Supp. 2d at
496.   In general, "when two parties have made a contract and
have expressed it in a writing to which they have both asserted
as the complete and accurate integration of that contract,
evidence, whether parol or otherwise, of antecedent
understandings and negotiations will not be admitted for the
purposes of varying or contradicting the writing." *Har-Win, Inc.
v. Consol. Grain & Barge Co.*, 794 F.2d 985, 987 (5th Cir.
1986)(*citing Battery S.S. Corp. v. Refineria Panama, S.A.*, 513
F.2d 735, 738 (2d Cir. 1975)).   There is no argument that the
parties did not intend to memorialize their agreement, and in
fact both parties did submit a written version.   The parties
agree that there was an agreed-to writing as of 12:17 p.m. on
June 28.

    One issue that the parties did not address, but which easily
could have solved this issue is an examination of the meaning of
the terms in the  contract.   Taking the position most favorable
to the plaintiff, the contract requires that defendant pay "all
medical expenses incurred by or on behalf of Mr. Kelly."
Defendant claims that it only is obligated to pay reasonable and
necessary expenses.   Taken to its extreme, plaintiff's argument
is untenable.   It would be absurd to require a defendant to pay
*unreasonable* medical expenses. *Cf. Baucom v. Sisco Stevedoring,*

*LLC*, No. 06-785, 2007 WL 1751185 (S.D. Ala. June 15, 2007)(holding that a defendant is only required to pay "reasonable and necessary" medical costs under maintenance and cure provisions of the law); *In re Cooper/T. Smith Stevedoring Co.*, 942 F. Supp. 267, 269 (E.D. La. 1996)(same).  However, no case law specifically refers to a definition of the words "all medical expenses" in a settlement agreement.

Of course, the main thrust of plaintiff's argument is that defendant has no right to determine what is reasonable or not, because they have already agreed to pay medical costs, thereby implying that at the time of the agreement that the medical costs are reasonable, and that the defendant agreed to pay these specific medical costs.

It is nearly axiomatic that settlement agreements are a favored means of resolving disputes.  *See, e.g. Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910)(*citing Hennessy v. Bacon*, 137 U.S. 78, 85 (1890)).  Because it is presumed that the parties making settlements have consulted their own interests, settlement agreements should not be taken lightly or be interfered with or impeached.  *Thibaut v. Ourso*, 605 F. Supp. 1, 2-3 (M.D. La. 1981); *see also Hennessy*, 137 U.S. at 85.

There are two arguments that can be made.  The first is that the 11:28 a.m. email was an offer, which was accepted by the

12:17 email reply.  The 11:46 fax was a counteroffer which was never acted upon.  In that reading, the term, "all medical expenses" was agreed to, and the defendant knew what it was agreeing to.  Under that interpretation, there was a meeting of minds, and the words of the contract are clear and unambiguous.

The second argument is there was never a meeting of minds; that the defendant and plaintiff never really agreed to payment of the medical expenses.  This is the reading that the defendant would prefer.  However, it is not clear that the facts support defendant's assertion.  Defendant knew what the medical expenses were that were claimed by the plaintiff.  Resolving every doubt in favor of the defendant, it is unclear that defendant was insistent on the reasonable and necessary language.  Plaintiff sent an email at 11:28 a.m., and while it is true that the defendant sent a fax with different language, defendant agreed in an email that the plaintiff's language was correct.  In fact, in the 12:17 reply, the defendant specifically did reject a portion of plaintiff's proposed wording, but agreed to the rest.  It almost appears that the defendant is trying to say that there was no meeting of the minds, simply because the defendant does not like the terms.

In *Bisso*, the defendant also claimed that there was no meeting of the minds.  Judge Sear held that when the defendant

8

had numerous opportunities to reject a paragraph and chose not to, the court would not reopen the agreement simply because the defendant is unhappy with one of the terms. *Bisso*, No 94-690, 1996 WL 28520, at *5; *see also Thibaut*, 605 F. Supp. at 3.  "It is well settled that in the absence of fraud, mistake, or other circumstance going to the validity of the agreement, a settlement voluntarily entered into cannot be repudiated by either party or set aside by the court." *Bisso*, No. 94-690, 1996 WL 28520, at *5; *see also Thibaut*, 605 F. Supp. at 3.  Therefore, precedent dictates that the contract must be interpreted with the words that are actually written, and not the words that the defendant wishes were written.

This Court finds that the defendant agreed to the terms as written by the plaintiff in the 11:26 a.m. email.  Those terms included a provision that defendant was to pay  "all medical expenses incurred by or on behalf of Mr. Kelly."  The Defendant had fair opportunity to reject the terms of this agreement, and in fact did reject specific terms of the agreement.  Accordingly, this Court agrees that the Defendant has agreed to pay "all medical expenses," and is not entitled to deduct expenses that it now deems are unreasonable or unnecessary.  Therefore, plaintiff motion to enforce the settlement is **GRANTED**.

New Orleans, Louisiana this the 1st day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE