```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

   ADRIAN MARK KELLY                    CIVIL ACTION

   VERSUS                               NO: 05-6871

   BAYOU FLEET, INC.                    SECTION: "J" (5)
```

### ORDER AND REASONS

Before the Court is Defendant's Motion for a New Trial (Rec. Doc. 66). For the reasons below, Defendant's motion is **DENIED**.

### BACKGROUND

Defendant filed this motion following this Court's order granting Plaintiff's Motion to Set Aside Dismissal and Summarily Enforce the Settlement (Rec. Doc. 65). The facts of this case are more specifically enumerated in that opinion.

### LEGAL STANDARD

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3,

1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir.2003)).

## DISCUSSION

Defendant avers that its motion for a new trial should be granted on the basis that the affidavit of Thomas Wetzel shows that the Defendant did not agree to pay "all medical expenses."

Ordinarily, in order for a party to succeed on a motion to reconsider, the party must demonstrate (1) that it exercised diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *N.H. Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993).

Mr. Wetzel's affidavit is not newly discovered evidence. In order to be considered new evidence, the movant must show that the evidence was discovered following trial, and could not have been discovered with reasonable diligence on the part of the movant. *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980). All of the information that Mr. Wetzel provides was known prior to the Court's hearing on the motion to enforce settlement. Further, there is no indication that Mr. Wetzel's affidavit is material information that would have produced a different result. This Court based its ruling on the fact that the exchange of emails and faxes shows that the Defendant agreed to pay "all medical expenses." Mr. Wetzel's affidavit merely reiterates Defendant's earlier assertion that Defendant did not agree to such terms. Accordingly,

**IT IS ORDERED** that Defendant's Motion for a New Trial is **DENIED**.

New Orleans, Louisiana this the 5th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE