```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

ADRIAN MARK KELLY                          CIVIL ACTION

VERSUS                                     NO: 05-6871

BAYOU FLEET, INCORPORATED,                 SECTION: "J" (5)
ET AL
```

**ORDER AND REASONS**

Before the Court is plaintiff Adrian Mark Kelly's **Motion to Make Order of Court Executory, for Relief under Louisiana Code of Civil Procedure Article 2502, and for Other Relief (Rec. Doc. 73).** This motion, which is opposed, was set for hearing on February 18, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the plaintiff's motion should be granted.

**Background Facts**

The present dispute arises out of a Jones Act claim originally filed in this Court on December 28, 2005. Plaintiff sought recovery for personal injuries allegedly sustained on or

about April 13, 2005 aboard a barge owned by Cenac Towing Co., Inc.[1]  Plaintiff sustained various injuries, including orthopaedic and neurological injuries, which left him disabled and in need of treatment.  In order to pay for his immediate care, plaintiff engaged Diagnostic Management Affiliates, PPO LLC ("DMA").  In advance of the settlement of his claims against Bayou Fleet, Inc. ("Bayou Fleet"), DMA paid for plaintiff's medical expenses.  Plaintiff was charged full "retail" price for these services although the cost to DMA was significantly less than the amount they billed to the plaintiff as a result of DMA's agreements with individual healthcare providers.[2]

On June 20, 2007, the parties attended a mediation which ended without a firm settlement.  However, settlement discussions continued and the parties reached a firm agreement on June 28, 2007.  Such agreement, while oral in character, was reduced to writing in the form of e-mail and faxes.  On June 28, 2007 at 11:28 a.m., counsel for the plaintiff sent an e-mail to defense counsel reducing the agreement between the parties to four points:

---

[1] Cenac Towing Co., Inc., originally a party to the suit, was dismissed from the case pursuant to a settlement agreement among the parties which left Bayou Fleet Inc. as the sole remaining defendant.

[2] At the time of this motion, DMA has now billed the plaintiff for more than $100,823.19 for medical services.  Bayou Fleet has calculated that the cost of these medical services to DMA was only $58,593.98.

(1) Two Hundred Ninety Five Thousand Dollars, plus;

(2) The payment of all medical expenses incurred by or on behalf of Mr. Kelly;

(3) Expedite the settlement check request so that it is received by plaintiff in about 2 weeks;

(4) Dismissal of all claims upon receipt of the settlement.

At 11:46 a.m., defense counsel sent by fax a letter to plaintiff's counsel confirming the settlement reached by phone. Defense counsel confirmed the payment of $295,000 and agreed that defendant would pay for all medical expenses which were "reasonable and necessary." Plaintiff's counsel did not respond to the fax. At 12:17 p.m., defense counsel responded to plaintiff's 11:28 a.m. email. The return email stated: "Received your message below. All is fine except that we did not agree to payment within 14 days. We will move as quickly as practically possible, however."

On July 11, 2007, this Court entered an order dismissing the case but retaining jurisdiction for sixty days in order to enforce the settlement agreement. A specific term of that agreement provided that the defendant would pay all medical expenses "incurred by or on behalf of Mr. Kelly." The defendants opposed this element of the settlement and insisted upon a construction which provided for only the payment of medical

expenses which are "reasonable and necessary." This issue came before the Court on August 28, 2007 when plaintiff filed a Motion to Set Aside Dismissal and Enter Summary Judgment Enforcing Settlement (Rec. Doc. 55). The motion was prompted by Bayou Fleet's refusal to pay the entirety of plaintiff's DMA medical bills. On October 2, 2007, this Court issued an Order and Reasons (Rec. Doc. 65) granting the plaintiff's motion, which stated:

> This Court finds that the defendant agreed to the terms as written by the plaintiff in the 11:26 a.m. email. Those terms included a provision that defendant was to pay "all medical expenses incurred by or on behalf of Mr. Kelly." The Defendant had a fair opportunity to reject the terms of this agreement, and in fact did reject specific terms of the agreement. Accordingly, this Court agrees that the Defendant has agreed to pay "all medical expenses," and is not entitled to deduct expenses that it now deems are unreasonable or unnecessary. Therefore, plaintiff's motion to enforce the settlement is GRANTED.

Order and Reasons, Rec. D. 65.

Subsequently, on October 11, 2007, Bayou Fleet filed a Motion for New Trial and/or to Alter or Amend Judgment (Rec. Doc. 66) on the basis that a binding agreement did not exist between itself and plaintiff to pay all medical expenses unconditionally.

That motion was denied by the Court because it was nothing more than an attempt by the defendant to reassert its failed argument from the prior motion that it did not agree to pay "all medical expenses." Order and Reasons, Rec. D. 72.

Since the denial of the motion for new trial, Bayou Fleet has attempted to tender $58,593.98 to DMA. Bayou Fleet calculated this amount itself and suggests that this is the actual amount that DMA paid to various healthcare providers for the plaintiff's treatment, as opposed to the amount that DMA charged the plaintiff for his treatment. The tendered payment was refused by DMA because the check offered by the defendant included language indicating that the sum was for the full and final payment of all amounts owed by the plaintiff. DMA refused the payment since they billed the plaintiff for a substantially greater amount. Following the failed tender and additional talks between plaintiff's counsel and defendant's counsel that did not lead to a resolution, the plaintiff filed this motion to make the Court's order executory.

### The Parties' Arguments

The plaintiff argues that the Court's Order and Reasons (Rec. Doc. 65) granting the Motion to Set Aside Dismissal and Enter Summary Judgment Enforcing Settlement and the Court's finding that the defendant agreed to pay all medical expenses of

the plaintiff in settlement of the claim is the judgment of this Court.  Through this motion, the plaintiff requests that the Court make its Order and Reasons (Rec. Doc. 65) an executory judgment and set forth the judgment in a form to be made executory in a state and parish where the defendant retains property that may satisfy the judgment.  Additionally, the plaintiff suggests that the defendant's obligations to pay all medical expenses might be viewed as an order for Bayou Fleet to specifically perform to pay the plaintiff's medical expenses.  To that extent the plaintiff argues that if this is not a money judgment then the procedural law governing its execution is set forth in Louisiana Code of Civil Procedure article 2502.  The plaintiff also requests that the defendant be made to appear for a Judgment Debtor examination.

  Defendant Bayou Fleet argues in opposition to the motion that they have complied with the Court's Order that they pay all of plaintiff's medical bills by tendering for payment the $58,593.98 that they have calculated DMA paid healthcare providers for the plaintiff's care.  Bayou Fleet contends that the only amount that they have to pay is the amount DMA paid to healthcare providers.  Any amount more than this would not be for the plaintiff's actual medical expenses.  Following the Court's Order enforcing the settlement agreement, Bayou Fleet undertook an investigation to determine the amounts of money that were paid

to the plaintiff's healthcare providers by DMA. That investigation led to the determination that $58,593.98 was owed for the plaintiff's medical expenses. Once that amount was rejected by DMA, Bayou Fleet's counsel sought additional evidence from plaintiff's counsel that DMA paid more than that amount for the plaintiff's medical care. No additional proof was given to Bayou Fleet and it refused to pay any additional money.

Moreover, defendant argues that since Bayou Fleet tendered the amount of $58,593.98, which it determined to be the true amount expended by DMA after diligent efforts in contacting the healthcare providers, Bayou Fleet submits that there is no basis for the imposition of interest, finance charges, or any other miscellaneous charges by DMA. Bayou Fleet contends that they have undertaken diligent efforts to determine the true amount owed to DMA and as of December 14, 2007, tendered payment in good faith to DMA. Defendant argues that DMA, of its own volition, elected to reject the payment and has further failed to provide any proof whatsoever to substantiate the amounts it paid to the healthcare providers notwithstanding Bayou Fleet's specific requests.

The plaintiff filed a reply memorandum to assert that the issues raised by Bayou Fleet in its opposition to this motion are the same issues raised in opposition to the Motion to Enforce Settlement and that as a result they are moot based on res

judicata since the Court has already rejected those arguments. In opposition to the earlier Motion to Enforce Settlement, Bayou Fleet argued that it had only agreed to pay medical expenses that it determined were "reasonable and necessary." This argument stemmed from a dispute that had arisen prior to the settlement regarding DMA charging the plaintiff more than it actually paid to the healthcare providers. This is the same argument that Bayou Fleet is attempting to raise now. The plaintiff also explains that DMA was charging him the retail price of the medical treatments in exchange for DMA arranging and paying for the treatment. In addition to the res judicata argument, the plaintiff suggests that Bayou Fleet's attempt to avoid payment of the outstanding bills is barred by the collateral source rule. DMA is not an insurer but functions like one. The plaintiff contends that the defendant should not gain the benefit of DMA's pricing arrangement with providers at the detriment of the plaintiff so that Bayou Fleet can avoid paying retail costs for medical care. If Bayou Fleet does not pay the full amount of the outstanding bill then the plaintiff would be liable to DMA for the difference, an outcome that was not contemplated as part of the settlement. Furthermore, the plaintiff argues that Bayou Fleet could have avoided any additional charges from DMA by paying the bill in accordance with the settlement agreement or

depositing the amount due with the registry of the court back in 2007 when this issue first arose.

Bayou Fleet submitted a surreply memorandum that further argues that the amount the plaintiff seeks for reimbursement to DMA represents an amount greater than that paid to the plaintiff's healthcare providers. DMA charged the plaintiff the full amount for medical care, but only had to pay a discounted rate to the healthcare providers. Thus, the amount now sought is not an amount that was incurred in obtaining and providing the plaintiff with healthcare. Instead, the defendant argues that in the context of maintenance and cure the only reasonable amount to be paid is the amount actually paid to the plaintiff's healthcare providers. Forcing the defendant to pay the greater amount sought by the plaintiff and DMA would be a penalty assessed against the defendant for disputing maintenance and cure. As a Jones Act employer the defendant argues that its only obligation is to pay maintenance and cure, not the additional fees and charges for DMA. The defendant also asserts that the issue raised by the previous motion to enforce settlement regarded medical audits that had been undertaken, not DMA's bill. The medical audits included DMA and all of plaintiff's other healthcare providers. Lastly, the defendant contends that the collateral source rule is not applicable in this circumstance.

Plaintiff subsequently filed a supplemental memorandum to inform the Court that DMA has filed a breach of contract suit against the plaintiff and plaintiff's counsel seeking the entire sum due based on a contract between plaintiff's counsel and DMA.

In response, the defendant filed another memorandum in opposition arguing that the fact that DMA has filed suit against plaintiff and plaintiff's counsel is not relevant to the matter before this Court.  The defendant contends that the exhibits included with the plaintiff's supplemental memorandum show that the agreement between plaintiff, plaintiff's counsel, and DMA is such that DMA will pay a discounted rate it has negotiated with the healthcare providers and the plaintiff and plaintiff's counsel will pay DMA the full amount typically charged by the healthcare providers.  The defendant argues that it should not have to pay this additional amount for the full cost of the healthcare that was negotiated by the plaintiff with DMA.  The defendant was not privy to the agreement with DMA and should not be held to its terms.  Further, the defendant argues that its maintenance and cure obligation only requires the payment of reasonable amounts actually incurred for medical care.  The defendant should not have to pay any amount more than that actually paid for the medical care.

The plaintiff and defendant each filed one additional response which only reiterate their previous arguments.

## Discussion

The plaintiff has brought this motion seeking to make the Court's Order and Reasons (Rec. Doc. 65) an executory judgment. The parties in this case reached a settlement on June 28, 2007. That settlement included a term that the defendant was required to pay "all medical expenses incurred by or on behalf of Mr. Kelly." This aspect of the settlement has been the subject of several motions, specifically a motion to enforce the settlement and a motion to reconsider the Court's order enforcing the settlement. The Order and Reasons enforcing the settlement agreement between the parties was issued October 2, 2007. Rec. D. 65. Another order denying Bayou Fleet's motion to reconsider that order was issued on November 5, 2007. Rec. D. 72. The Court's orders enforcing the settlement rejected Bayou Fleet's contention that only reasonable and necessary medical expenses should be paid, not "all medical expenses." Through this motion, the plaintiff argues that all medical expenses still have not been paid and requests that the Court make executory its order enforcing the settlement. Bayou Fleet contends in opposition to this motion that they have satisfied the settlement by tendering for payment the amount that it has calculated DMA paid certain healthcare providers for the plaintiff's medical treatment.

11

In opposing this motion Bayou Fleet has done nothing more than resurrect its argument, previously rejected by this Court, that they only agreed in settlement to pay the plaintiff's medical expenses that are "reasonable and necessary."  When Bayou Fleet initially opposed the motion to enforce settlement it argued that a medical audit concluded that only $60,682.00 was paid for Mr. Kelly's medical expenses.  In their memorandum in opposition to the earlier motion, Bayou Fleet argued that "[o]nly those medical expenses allegedly paid by DMA remain in dispute as Bayou Fleet suggests they are excessive and not 'reasonable, necessary and customary' . . . . DMA has purportedly satisfied the listed medical expenses in the amount of $125,658.55.  Bayou Fleet has satisfied their cure obligation to pay reasonable and necessary medical expenses by tendering payments in the amount of $60,682.00." Mem. in Opp., Rec. D. 62.  The court rejected Bayou Fleet's arguments and concluded that the evidence showed that Bayou Fleet had agreed to a settlement that required them to pay "all medical expenses." Rec. D. 65.  Bayou Fleet then moved for a new trial asking the Court to reconsider its interpretation of the settlement agreement.  That request was denied. Rec. D. 72.  Having lost its argument that it had agreed to only pay reasonable and necessary medical expenses, Bayou Fleet did not pay the plaintiff's outstanding bills.  Instead, Bayou Fleet's counsel had their staff under take their own audit to determine

the difference between the amounts charged to the plaintiff by DMA and the amounts that healthcare providers charged DMA. Based on this "audit" Bayou Fleet now argues that DMA actually only paid $58,593.98 for the plaintiff's medical care and that only this amount need be paid by Bayou Fleet. Mem. in Opp., Rec. D. 74. This argument amounts to nothing more than a reurging of Bayou Fleet's earlier contention. This issue is moot as a result of res judicata. Bayou Fleet itself acknowledges that the basis of this argument is the notion that it is only required to pay medical expenses that are "reasonable and necessary." In its reply memorandum to the current motion, Bayou Fleet attempts to distinguish the present argument from the earlier "reasonable and necessary" argument. Bayou Fleet suggests that the earlier argument was only related to the medical audits and had nothing to do with DMA. Rec. D. 86. However, Bayou Fleet's opposition to the earlier motion to enforce settlement was precisely related to the difference discovered by the medical audit between the amounts paid to individual healthcare providers and the amounts billed to Mr. Kelly by DMA. Bayou Fleet makes the same argument now, only based on its own audit.

Further, Bayou Fleet contends "the issue as to 'reasonable and necessary' medical expenses remains viable. Service charges or 'arrangement' charges are not 'reasonable and necessary' medical expenses within the ambit of the employer's cure

13

obligation." Rec. D. 86.  Bayou Fleet confuses the issue with regard to the amount it is required to pay.  As the Court explained in its previous order enforcing the settlement between the parties, the present issue is one of contract interpretation.  Rec. D. 65.  Bayou Fleet was not adjudicated to be in violation of its cure obligation as the plaintiff's Jones Act employer.  Instead, in this case the parties agreed to a binding settlement to resolve their dispute.  That settlement agreement is a contract between the parties.  Bayou Fleet previously argued that they only agreed to a settlement in which they would pay "reasonable and necessary" medical expenses.  As a matter of contract law, the Court rejected that argument.  Now, Bayou Fleet argues that they should not have to pay the plaintiff's DMA bills because they do not constitute "reasonable and necessary" medical expenses.  This argument is irrelevant and moot because the Court has already determined that Bayou Fleet must pay "all medical expenses," not "reasonable and necessary" medical expenses.

Additionally, although it need not be decided, it appears clear that the amounts DMA billed the plaintiff are reasonable and necessary.  It is undisputed that after the plaintiff sustained his injuries he required medical care.  Bayou Fleet refused to pay for the plaintiff's medical care.  As a result of the plaintiff's need to provide his own care, he entered into an agreement with DMA by which DMA would provide the plaintiff with

14

the medical care he required.  Under the agreement the plaintiff had to pay the full retail price of his medical treatment, or, in other words, the amount that the plaintiff would have to pay if he himself directly paid each healthcare provider.  At the same time DMA would be able to obtain medical care for the plaintiff at reduced rates pursuant to agreements between DMA and certain healthcare providers for discounted services.  The result of this agreement is that the plaintiff was able to obtain medical care. The amount the plaintiff had to pay to receive his necessary medical care is the amount charged by DMA.  The plaintiff could not have received medical care for the amount that Bayou Fleet has determined DMA has paid to the individual healthcare providers because the plaintiff does not have any agreements with healthcare providers to obtain services at reduced rates.  As a result, the amount charged by DMA is the amount the plaintiff had to pay for his medical care, and thus is the reasonable and necessary amount.  Further, this amount constitutes "all medical expenses incurred by or on behalf of Mr. Kelly" which Bayou Fleet has previously been ordered to pay by this Court.  Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Make Order of Court Executory, for Relief under Louisiana Code of Civil Procedure Article 2502, and for Other Relief (Rec. Doc. 73)** is hereby **GRANTED.**  The Court's Order and Reasons (Rec. Doc. 65) is hereby made an executory order.  Additionally, the plaintiff may

15

file a motion to withdraw from the Registry of the Court any amounts deposited by the defendant in satisfaction of the settlement.

**IT IS FURTHER ORDERED** that the plaintiff's **Motion for Leave of Court to Supplement and Amend Motion to Make Order of Court Executory (Rec. Doc. 87)** is hereby **GRANTED.**

New Orleans, Louisiana, this 12th day of June, 2009.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

16